Case 6:20-cr-00101 Document 173 Filed on 06/06/23 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
June 07, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CRIMINAL NO. 6:20-101-5 |
| § | | |
| § | | |
| **JESUS EUGENE BENAVIDES,** § | | |
| Defendant. § | | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Jesus Eugene Benavides' Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) for Compassionate Release. D.E. 172.

## I. BACKGROUND

Defendant pled guilty to conspiracy to possess with intent to distribute more than 5 kilograms of cocaine. He has served approximately 19 months (16%) of his 120-month sentence and has a projected release date, after good time credit, of October 4, 2029. He now moves the Court for compassionate release because: (1) he suffers from stage IV cancer and has only 18 months to live; and (2) his underlying medical conditions make him particularly vulnerable to severe illness or death from COVID-19. Defendant submitted an administrative request for compassionate release on February 28, 2023, but states he never received a response.

## II. LEGAL STANDARD

The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), allows a prisoner to move for a sentence reduction under certain circumstances; at issue here is colloquially called "compassionate release." *See United States v. Shkambi*, 993 F.3d 388, 390–92 (5th Cir. 2021). A prisoner may move for compassionate release when "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). "[T]his statutory phrase requires a

prisoner to show he 'faces some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner' that leads 'irresistibly' to the conclusion that this prisoner has a 'singular' and 'remarkable' need for early release." *United States v. McMaryion*, 64 F.4th 257, 259 (5th Cir. 2023) (quoting *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023)).

If the district court finds that extraordinary and compelling reasons warrant a sentence reduction, "then the court 'may' reduce the defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentencing disparities among similarly-situated defendants; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7). "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Ward*, 11 F.4th at 360.

### III. ANALYSIS

#### A. Extraordinary and Compelling Reasons

##### 1. Stage IV Cancer

According to his 2021 presentence interview with Probation, "In 2010, the defendant was diagnosed with stage 4 Lymphoma. The defendant is currently undergoing chemotherapy and is

under the medical care of Dr. Ester B Pullard at Christus Spohn Hospital – Shoreline in Corpus Christi, Texas." Presentence Report (PSR), D.E. 131, ¶ 49. As a result, the Court's Judgment recommended that he "be designated to a facility to address [his] medical needs." D.E. 138, p. 2. Defendant's chemotherapy treatments were interrupted when he was initially sent to FCI Seagoville, which caused his cancer to "progress[] again to the baseline level," as well as "some progressive left groin node swelling" and "nonocclusive popliteal vein [deep vein thrombosis]." D.E. 172-2, pp. 35, 37. Defendant maintains that, "If not for the [BOP's] deliberate indifference to my known medical needs, my cancer would not have advanced to stage IV which is now irreversible." D.E. 172, p. 12. He further claims he has less than 18 months to live and that his family is willing to provide end-stage hospice care at home.

The Fifth Circuit "ha[s] said that a late-stage, terminal prognosis can constitute an extraordinary and compelling basis for a § 3582(c)(1) motion." *McMaryion*, 64 F.4th at 260 (citing *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020)). Forthcoming amendments to the Sentencing Guidelines, effective November 1, 2023, similarly provide that extraordinary and compelling circumstances may exist where:

> (A) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>
> (i) suffering from a serious physical or medical condition,
> (ii) suffering from a serious functional or cognitive impairment, or
> (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> That substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1)(A)-(C) (2023).

The record shows that Defendant was transferred to FMC Butner in April of 2022. He was immediately seen by an oncologist, "with plan for PET scan and urology consult." D.E. 172-2, p. 31. He is currently being housed in the cancer wing and underwent "urgent lymph node resection" before resuming chemotherapy. D.E. 172, p. 12. The most recent medical records Defendant submitted are more than a year old, and there is no evidence of his current medical condition; however, his Individualized Needs Plan dated October 12, 2022, states that he had "no medical restrictions" and was placed on "regular duty." *Id.*, p. 71. There is nothing in the record to support Defendant's claims that he is terminally ill or that his cancer only progressed to stage IV because of BOP's failure to immediately transfer him to a federal medical facility. To the contrary, Defendant reported to Probation and to arresting agents that he "had stage four lymphoma cancer for 11 years" prior to his arrest. PSR, ¶¶ 12, 49.

On this record, the Court finds that Defendant has failed to meet the criteria set forth in U.S.S.G. § 1B1.13(b)(1)(A)-(C), as amended, or to otherwise demonstrate that his cancer diagnosis constitutes an extraordinary and compelling reason warranting compassionate release.

### 2. COVID-19 Concerns

Defendant further claims that his underlying medical conditions (penile cancer with metastasis, hyperlipidemia, hypertension, acute embolism and thrombosis of vein, anxiety disorder, and obesity) make him particularly vulnerable to severe illness or death from COVID-19. The Fifth Circuit has stated that the mere *risk* of severe illness or death from COVID-19 is not extraordinary, and it has "repeatedly denied relief in cases where prisoners sought compassionate

release due to fear of communicable disease, even when those prisoners were in poor health." *McMaryion*, 64 F.4th at 260 (citing *United States v. Thompson*, 984 F.3d 431, 432–34 (5th Cir. 2021) (denying relief to a hypertensive stroke survivor concerned by COVID-19); *United States v. Rodriguez*, 27 F.4th 1097, 1098–1100 (5th Cir. 2022) (denying relief where COVID-19 fearing movant suffered from heart failure)). Thus, Defendant's claim that he is entitled to a sentence reduction based on his susceptibility to COVID-19 is not cognizable under existing Fifth Circuit precedent.

The Court is aware that forthcoming amendments to the Sentencing Guidelines, effective November 1, 2023, provide that increased vulnerability to infectious disease may constitute extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A), where:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1)(D)(i)-(iii) (2023).

The Court finds Defendant has failed to demonstrate that he meets the criteria set forth in U.S.S.G. § 1B1.13(b)(1)(D), as amended. Moreover, Defendant previously contracted COVID-19 in January of 2022 after refusing to be vaccinated, and there is nothing to indicate that he became severely ill or still suffers any effects from disease. *See* D.E. 172-2, p. 21.

### C. 18 U.S.C. § 3553(a) Factors

Despite his cancer diagnosis, Defendant participated in a cocaine trafficking conspiracy with members of the Latin Kings gang for more than two and a half years. He was held accountable for 5 kilograms of cocaine at sentencing; however, his PSR stated that the "drug conspiracy involved much more drug distribution than reflected by the seizures in this investigation." D.E. 131, p. 8. Defendant also received a sentencing enhancement because a dangerous weapon was possessed. Based on the nature and circumstances of the offense of conviction and the danger posed to the community, the Court finds that releasing Defendant when he has served only a fraction of his mandatory minimum sentence would be inconsistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) and would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from his further crimes.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that extraordinary and compelling reasons do not warrant compassionate release and that compassionate release would be inconsistent with 18 U.S.C. § 3553(a). Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) for Compassionate Release (D.E. 172) is therefore **DENIED**.

It is so **ORDERED** this 6th day of June, 2023.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE